Ian C. Ballon (SBN 141819)
Amrit K. Dhaliwal (SBN 309774)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.6575
Facsimile: 310.586.7800
ballon@gtlaw.com

Timothy A. Butler (SBN 262962)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
Tim.Butler@gtlaw.com

Counsel for Defendant *San Diego
Indian American Health Center*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO RAMOS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO AMERICAN INDIAN HEALTH CENTER; and DOES 1 through 100, inclusive,<br><br>    Defendant. | CASE NO. **'23CV0570 MMA AHG**<br><br>Assigned to<br><br>**DEFENDANT SAN DIEGO AMERICAN INDIAN HEALTH CENTER'S NOTICE OF REMOVAL**<br><br>**[42 U.S.C. § 233(l)(2), 28 U.S.C. §§ 2679(d), 1331, 1441, and 1442(a)(1)]**<br><br>[Removed from San Diego County Superior Court – Case No. 37-2022-00034482-CU-NP-CTL]<br><br>State Complaint Filed:   August 26, 2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS COUNSEL OF RECORD, THE UNITED STATES, AND THE DEPARTMENT OF HEALTH AND HUMAN SERVICES:**

**PLEASE TAKE NOTICE** that Defendant San Diego American Indian Health Center ("SDAIHC") files this Notice of Removal pursuant to 42 U.S.C. § 233(l)(2), 28 U.S.C. §§ 2679(d), 1331, 1441, and 1442(a)(1) to affect the removal of the above-captioned action, which was commenced in the Superior Court in the State of California for the County of San Diego. The removal is proper for the reasons stated below.

## I.  INTRODUCTION

1.  The Federal Tort Claims Act (FTCA) is a federal law that allows parties claiming to have been injured by certain tortious actions of federal employees to present claims for property damage, personal injury, and/or wrongful death *exclusively* to the relevant federal agency or agencies.

2.  In 2020, Congress extended FTCA coverage to a group of federally funded healthcare providers known as Urban Indian Organizations (UIOs), which are now for liability purposes deemed to be part of the federal government. *See* 25 U.S.C. §§ 5321(d) & Statutory Note, 1660i

3.  The U.S. Indian Health Service (IHS), which is an agency of the U.S. Department of Health and Human Services (HHS), has recognized SDAIHC as an UIO by awarding it a contract under the Indian Healthcare Improvement Act (IHCIA).

4.  Thus, under the FTCA, SDAIHC has absolute immunity from *any* civil action or proceeding in tort flowing from its performance under its IHCIA contract. 42 U.S.C. § 233(a), *et seq*.; 25 U.S.C. §§ 5321(d) & Statutory Note, 1660i.

5.  This data breach action falls squarely within that statutory immunity. According to Plaintiff Florencio Ramos, SDAIHC failed to "implement adequate and reasonable measures to ensure" that his personal information "was safeguarded," failed to "take available steps to prevent unauthorized disclosure of data," and failed to "follow

applicable, required and appropriate protocols, policies and procedures regarding the encryption of data." *See* Declaration of Timothy A. Butler ("Butler Decl.") ¶ 2. A copy of all pleadings, orders, and documents on file in the state court (collectively, the "State Court File") are attached hereto as Exhibits A-J.  The Summons and Complaint is attached to the State Court file as **Exhibit A**.

6.      Because Mr. Ramos filed this action in State court against SDAIHC, which is deemed to be part of the federal government, removal of this action to a federal court is proper under 28 U.S.C. §§ 1331, 1441, 1442(a)(1), 2679(d), and 42 U.S.C. § 233(l)(2).

## II.      GENERAL BACKGROUND

7.      In May 2022, SDAIHC was victim of a cyberattack that led to the alleged release of highly sensitive patient information. *See* State Court File, **Exhibit A**, Compl. ¶ 2.

8.      After receiving notice of the security incident from SDAIHC, Mr. Ramos filed a class action lawsuit in the Superior Court of San Diego, California against SDAIHC, bringing claims for negligence (Count 1), violation of the California Confidentiality of Medical Information Act (Count 2), invasion of privacy (Count 3), breach of confidence (Count 4), breach of implied contract (Count 5), breach of implied covenant of good faith and fair dealing (Count 6), unfair business practices (Count 7), and unjust enrichment (Count 8). *Id*. ¶¶ 91-181.

9.      Mr. Ramos' claims turn on a common set of allegations. Mr. Ramos alleges that SDAIHC "acquired, collected and stored" his personal information, including his protected health information, in order "to provide efficient and quality healthcare, employment, and/or pharmacy services." *Id*. ¶ 5. According to Mr. Ramos, however, SDAIHC failed to "implement adequate and reasonable measures to ensure" that his personal information "was safeguarded," failed to "take available steps to prevent unauthorized disclosure of data," and failed to "follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data." *Id*. ¶ 9. As to the applicable standards, Mr. Ramos specifically alleges that SDAIHC was obligated, as a healthcare provider, to protect the confidentiality of his personal information under the

1  Health Insurance Portability and Accountability Act and its implementing regulations as
2  well as under the California Confidentiality of Medical Information Act. *See id.* ¶¶ 3, 43,
3  58-65, 117-124.

4  **III.    NOTICE TO THE UNITED STATES AND THE DEPARTMENT OF**
5  **HEALTH AND HUMAN SERVICES**

6       10.    On August 31, 2022, SDAIHC was served with Mr. Ramos's complaint. Butler
7  Decl. ¶ 2.

8       11.    On September 16, SDAIHC notified the U.S. Department of Justice and the
9  U.S. Department of Health and Human Services of this lawsuit and requested that the United
10 States agree to be substituted in as the proper defendant in this matter. Butler Decl., ¶ 3

11      12.    On September 26, HHS responded to SDAIHC's correspondence. *Id.* ¶ 4.

12      13.    In the communications that followed, HHS advised SDAIHC to proceed by
13 filing a petition in the state court requesting that the United Stated be substituted in as the
14 proper defendant. *Id.* ¶ 5. Moreover, and important here, HHS expressly stated that the
15 United States would respond to any petition filed by SDAIHC by removing the state-court
16 action to a federal district court. *Id.*

17      14.    Relying on HHS's guidance, SDAIHC filed a Petition Requesting Substitution
18 of the United States in the state court. Butler Decl., ¶ 6; *see also* State Court File, **Exhibits**
19 **B – G.** SDAIHC then provided a copy of its Petition to both DOJ and HHS. *Id.*

20      15.    In the months that followed, SDAIHC repeatedly contacted HHS to inquire
21 about the timing of the United States' promised notice of removal. *Id.* ¶ 7. But in response
22 to SDAIHC most recent inquiry, HHS frankly acknowledged that DOJ has failed to give
23 attention SDAIHC's Petition: "It's been radio silence for a while from DOJ." *Id.* ¶ 7.

24      16.    To date, the United States has not filed its promised notice of removal. *Id.* ¶ 8.
25 / / /
26 / / /
27 / / /
28 / / /

## IV.   VENUE

17.   Venue is proper in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1391, and 1446. This action was originally brought in the Superior Court for the State of California, County of San Diego, which is embraced by the Southern District of California.

18.   Venue is also proper under 28 U.S.C. § 1391 because a substantial part of the acts and omissions occurred in this district, as set forth in Mr. Ramos' Complaint.

## V.   JURISDICTION

19.   The Court has jurisdiction under 28 U.S.C. § 1441(a).  Section 1441(a) allows a suit filed in state court to be removed to federal court where the District Court would have original jurisdiction over the matter.

20.   The Court also has jurisdiction under the general officer removal statute, 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule). The general officer removal statute protects important federal interests, and must be broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures [allowing for federal officer removal] are to be liberally construed to give full effect to the purposes for which they were enacted."), *Willingham v. Morgan*, 395 U.S. 402, 406–407 (1969) (finding § 1442's language "broad enough to cover all cases where federal officers can raise a colorable defense arising out of

21.   The Court also has jurisdiction under the FTCA, 28 U.S.C. § 2679(d), and 28 U.S.C. § 1331, to assess whether the underlying action resulted from "the performance of medical, surgical, dental or related functions" within the scope of SDAIHC's status as a

PHS employee and whether the United States must be substituted as the only proper defendant. *Estate of Campbell by Campbell v. S. Jersey Med. Ctr.,* 732 F. App'x 113, 117 (3d Cir. 2018) (construing authority and purpose of § 233(l)(2)); *see al,* 239 F. Supp. 3d 1367 (N.D. Ga. 2017); *see also Estate of Booker v. Greater Philadelphia Health Action, Inc.,* 10 F.Supp.3d 656 (E.D. Penn. 2014) (ordering substitution of United States, over its objection, in place of deemed PHS defendants in action removed to federal court under § 42 U.S.C. § 233(l)(2)); *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 435 (1995) ("Because a case [...] raises a question of substantive federal law at the very outset, it clearly 'arises under' federal law, as that term is used in Art. III") (internal citations and quotations omitted); 28 U.S.C. § 1346(b)(1) (United States "district courts [...] have exclusive jurisdiction of civil actions on claims against the United States").

## VI.   **REMOVAL IS PROPER**

### A.   **28 U.S.C. § 1442(a)**

22.    Under 28 U.S.C. § 1442(a), an action filed in a state court may be removed to a federal district court if the action is against the United States or any of its agencies, officers, or persons acting under its officers. Accordingly, this action is removal pursuant to 28 U.S.C. § 1442(a) because SDAIHC is deemed to be part of the federal government. *See supra* ¶¶ 1-4.

23.    Moreover, a court may permit removal after the typical 30-day removal deadline had passed in "exceptional circumstances" or upon the showing of "good cause.' *Total Energy Corp. v. Stolt,* 334 F. Supp. 2d 413 (S.D. N.Y. 2004); *Chan Healthcare Grp., PS v. Liberty Mutual First Ins. Co.,* 844 F.3d 1133, 114 (9th Cir. 2017); *Gillis v. Louisiana,* 294 F.3d 755 (5th Cir. 2002) Here, the United States' failure to file its promised notice of removal presents the "exceptional circumstances" and "good cause" compelling this Court to permit removal under § 1442 after the typical 30-day removal deadline has passed. *See supra* ¶¶ 10-16.

/ / /

/ / /

**B.     42 U.S.C. § 233(l)(2)**

24.     Under 28 U.S.C. § 233(l)(2), an action filed in a state court may be removed to a federal district court at any time if the U.S. Attorney General has failed to appear within 15 days after being notified that a complaint subject to § 233 had been filed in a state court. Accordingly, this action is removal pursuant to § 233(l)(2) because the Attorney General has failed to appear in the state court within 15 days of being notified by SDAIHC that a complaint subject to § 233 had been filed in a state court. *See supra* ¶¶ 10-16.

**C.     28 U.S.C. § 2679(d)(3)**

25.     Under 28 U.S.C. § 2679(d)(3), an action filed in a state court may be removed to a federal district court at any time prior to trial if the U.S. Attorney General has refused to certify whether a federal employee was acting within the scope of his or her employment at the time of the incident out of which the action arose. Accordingly, this action is removable pursuant to § 2679(d)(3) because the Attorney General has failed to respond to SDAIHC request that the United States certify that SDAIHC is deemed to be part of the federal government. *See supra* ¶¶ 10-16.

**VII.   NOTICE OF REMOVAL**

26.     This Notice of Removal shall be served promptly on Plaintiff's Counsel of Record, HHS, DOJ, and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

27.     In compliance with 28 U.S.C. § 1446(a), attached hereto as Exhibits A – J are copies of all state-court papers served herein.

28.     This action meets all of SDAIHC's requirements for removal, and this removal pleading is both timely and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

1        Accordingly, the action is hereby removed in its entirety to this Court from the

2   Superior Court of the State of California, County of San Diego.

3

4   DATED:  March 30, 2023                    GREENBERG TRAURIG, LLP

5

6                                                     _____
                                                      Ian C. Ballon (SBN 141819)
7                                                     Timothy A. Butler (SBN 262962)
                                                      Amrit K. Dhaliwal (SBN 309774)
8                                                     GREENBERG TRAURIG, LLP

9                                                     Counsel for Defendant *San Diego Indian
                                                      American Health Center*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL