RANDY S. GROSSMAN
United States Attorney
KATHERINE PARKER
Assistant United States Attorney
California Bar No. 160502
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7634
Fax: (619) 546-7754
Email: Katherine.parker@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO RAMOS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO AMERICAN INDIAN HEALTH CENTER; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 23-CV-0570-MMA-AHG<br><br>**THE UNITED STATES' STATEMENT OF INTEREST IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE PARTY**<br><br>Date: May 22, 2023<br>Time: 2:30pm<br>Courtroom 3C<br>Hon. Michael Anello |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................1

   A. Background on SDAIHC and Contract with IHS ................1

   B. Statutory Framework for FTCA Coverage of UIOs..................2

   C. SDAIHC Suffers a Cybersecurity Attack Resulting in a Data Breach ......4

III. AGUMENT ..........................................................................5

   A.   SDAIHC's Removal Was Improper; This Case Should Be Remanded to State Court.......................................5

   B.   Data Breaches do not Fall Within SDAIHC's FTCA Medical Malpractice Coverage ...............................5

      1.   Data breach claims are not within the scope of 25 U.S.C. § 5321(d), which is based on 42 U.S.C. § 233(a) ...........6

      2.   The history and purpose of the statute show that § 233(a) does not cover data-breach claims ...................7

      3.   Sovereign immunity requires rejecting SDAIHC's expansive interpretation of § 233(a) ...........8

      4.   Recent Court Decisions Reject the Notion that Cyber Attacks Leading to Data Breaches are Covered by Section 233.................9

   C.   5321(d)'s Statutory Note Does Not Support Substitution .................11

V.   CONCLUSION...........................................................12

i

# TABLE OF AUTHORITIES

Cases

*Bogues v. United States*,
  703 F. Supp. 2d 318 (S.D.N.Y. 2010) ..................................................... 12

*Carlson v. Green*,
  446 U.S. 14 (1980) ....................................................................................... 7

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2009) ......................................................................... 8

*Doe v. Neighborhood Healthcare*,
  2022 WL 17663520 (S.D. Cal. Sept. 8, 2022) ..................................... 10

*Federal Aviation Administration v. Cooper*,
  566 U.S. 284 (2012) ................................................................................. 8, 9

*Ford v. Sandhills Medical Foundation, Inc.*,
  No. 4:21-cv-2307-RBH, 2022 WL 1810614 (D.S.C.) .......................... 10

*Gundy v. United States*,
  139 S. Ct. 2116 (2019) ................................................................................ 7

*Hinds v. Community Medical Center, Inc.*,
  2022 WL 17555525 (E.D. Cal. 2022) ....................................................... 10

*Jackson v. United States*,
  No. 20-2347, 2021 WL 2682044 (E.D. Cal. June 30, 2021) .................. 8

*Patricia Marshall v. Lamoille Health Partners, Inc.*,
  2023 WL 2931823 (D. Vt. 2023) ......................................................... 10, 11

*Reilly v. Ceridian Corp.*,
  664 F.3d 38 (3d Cir. 2011) ......................................................................... 6

*Ruckelshaus v. Sierra Club*,
  463 U.S. 680 (1983) ..................................................................................... 8

*Warner v. Goltra*,
  293 U.S. 155 (1934) ..................................................................................... 8

Statutes

5 U.S.C. § 552a(g)(4)(A) ................................................................................. 8, 9

25 U.S.C. Ch. 18 ................................................................................................ 1

25 U.S.C. § 1603(29) ........................................................................................ 1

25 U.S.C. § 1660i .................................................................................. 2, 4, 8, 11

25 U.S.C. § 5321(d) ................................................................................... passim

28 U.S.C. § 1346(b)(1) ................................................................................ 6

28 U.S.C. § 1346(b) .................................................................................. 2, 3

42 U.S.C. § 233(a) ............................................................................. 5, 6, 8, 9

42 U.S.C. § 233(g) ....................................................................................... 8

Other Authorities

Pub. L. No 116-313 ...................................................................................... 2

Pub. L. No. 104-73 ....................................................................................... 7

## I.     INTRODUCTION

This is a data breach case that was improperly removed to federal court by a federally supported Urban Indian organization. The same entity further seeks to compel the United States to substitute into the case and defend it in an action that does not involve the provision of medical services. The United States is not statutorily obligated to defend the entity, so there was no proper basis for removal, and no basis for substitution. The United States notes that the Plaintiff who filed this action in state court also opposes substitution of the United States as Defendant. *See* ECF No. 7.

San Diego American Indian Health Center ("SDAIHC") is an Urban Indian Organization ("UIO") that contracts with the Indian Health Service ("IHS") and is grant supported by the federal government. On May 5, 2022, SDAIHC discovered that it had suffered a data breach resulting from a cybersecurity attack. Plaintiff Florencio Ramos filed suit in San Diego Superior Court, seeking to establish a class action lawsuit. SDAIHC, through its current counsel, tendered the defense of this case to United States. The United States has declined to substitute itself into this lawsuit in place of SDAIHC.

A review of the relevant contract, rules, and statutes demonstrates that this case is not subject to defense by the United States because preventing or failing to prevent a cyberattack does not qualify as the "provision of medical services" that would be covered by the applicable statutes.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Background on SDAIHC and Contract with IHS

SDAIHC is a UIO that contracts with and is grant supported by the IHS under 25 U.S.C. Ch. 18, Subch. IV to provide medical care to urban Indians.[1] It also receives grant funding from the Health Resources and Services Administration ("HRSA") in support of its activity. On August 31, 2020, SDAIHC entered into a contract with the IHS to provide UIO

---

[1]     SDAIHC is a UIO as defined by 25 U.S.C. § 1603(29).

services in the San Diego area from August 31, 2020, to August 30, 2021.[2] *See* Declaration of Sean M. Flaim, ¶ 3 and Exhibit A Part 1 (contract).

On May 25, 2021, a contract amendment was issued to SDAIHC to implement the recent extension of Federal Tort Claims Act ("FTCA") coverage by Congress to UIOs. *See* Flaim Decl. Exhibit A Part 1 (contract amendment). Per the modification, SDAIHC was deemed to be part of the Public Health Service in the Department of Health and Human Services and its employees were deemed to be employees of the Federal government during the contract period while performing work under the contract. The modification further stated that the IHS does not determine the scope of coverage under the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, and that whether the FTCA applies in any particular case will be decided on a case-by-case basis by the Department of Justice and the federal courts. UIOs were required to obtain additional "wrap-around" professional liability insurance for claims not covered under the FTCA.[3]

On July 19, 2021, IHS issued a contract modification to SDAIHC extending the contract for one year from August 31, 2021 to August 30, 2022.

**B.  Statutory Framework for FTCA Coverage of UIOs**

Only recently have UIOs been eligible to receive FTCA medical malpractice coverage from the United States.[4] On January 5, 2021, Congress enacted Pub. L. 116-313, which added 25 U.S.C. § 1660i to the U.S. Code. According to § 1660i:

---

[2]      The contract provided for options to extend the contract for four additional years. Per the policy at the time, the contract specified that the services provided by the contractor were not covered by the Federal Tort Claims Act and that the contractor was required to obtain professional liability insurance. *See* Flaim Decl. at ¶ 3 and Exhibit A (Contract) at § C.4.D, p. 20.

[3]      The United States is aware that SDAIHC has additional "wrap-around" insurance that covers data breaches, because it has been informed that this insurance is paying for the services of SDAIHC's current counsel.

[4]      Under the FTCA, 28 U.S.C. § 1346(b), 2401(b), 2671-80, the United States is liable for personal injury caused by the negligent or wrongful act or omission of a federal

2

Section 5321(d) of [title 25] shall apply-

(1) to an Urban Indian organization to the same extent and in the same manner as such section applies to an Indian tribe, a tribal organization, and an Indian contractor; and
(2) to the employees of an Urban Indian organization to the same extent and in the same manner as such section applies to employees of an Indian tribe, a tribal organization, or an Indian contractor.

Section 5321 of Title 25 of the United States Code is part of the Indian Self-Determination and Education Assistance Act ("ISDEAA"). This section, entitled "Self-determination contracts," provides that Indian tribes, tribal organizations, or tribal contractors can enter into contracts with IHS to perform functions that would otherwise be provided directly by IHS. In addition, the statute affords FTCA coverage to ISDEAA contractors.[5] Specifically,

_____

employee under circumstances in which a private person would be liable according to the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). The United States will sometimes defend federally supported health clinics and Indian tribes administering health care facilities against civil suits when they are eligible for FTCA coverage. Notably, the FTCA does not explicitly cover data breaches, including claims arising out of state privacy statutes or breach of contract theories set forth by the plaintiffs here.

[5]     Subsection d of § 5321 states as follows:

(d) Tribal organizations and Indian contractors deemed part of Public Health Service

For purposes of section 233 of title 42, with respect to claims by any person, initially filed on or after December 22, 1987, whether or not such person is an Indian or Alaska Native or is served on a fee basis or under other circumstances as permitted by Federal law or regulations for personal injury, including death, resulting from the performance prior to, including, or after December 22, 1987, of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations, or for purposes of section 2679, title 28, with respect to claims by any such person, on or after November 29, 1990, for personal injury, including death, resulting from the operation of an emergency motor vehicle, an Indian tribe, a tribal organization or Indian contractor carrying out a contract, grant agreement, or cooperative agreement under sections 5321 or 5322 of this title is deemed to be part of the Public Health Service in the Department of Health

3

subsection d of section 5321 provides FTCA coverage for claims for "personal injury, including death, … resulting from the performance … of medical, surgical, dental, or related functions," *i.e.*, medical malpractice, as well as coverage for injury resulting from the operation of an emergency motor vehicle. Thus, as relevant here, the plain language of 25 U.S.C. § 1660i states that the law extends FTCA coverage to UIOs only for personal injuries arising out of medical malpractice claims (and the operation of emergency motor vehicles).

### C. SDAIHC Suffers a Cybersecurity Attack Resulting in a Data Breach

On May 5, 2022, SDAIHC discovered a data breach in its medical records system and sent a notice to the affected patients on August 15, 2022. This breach potentially revealed personally identifiable information ("PII"), including names, Social Security numbers, driver's license information, tribal identification, and/or date of birth as well as personal health information ("PHI"), such as medical and/or health insurance information. On August 26, 2022, Plaintiff filed the above-captioned class-action litigation against SDAIHC in the California Superior Court for San Diego County and alleged negligence and additional claims under various California consumer protection statutes and breach of contract theories.

---

and Human Services while carrying out any such contract or agreement and its employees (including those acting on behalf of the organization or contractor as provided in section 2671 of title 28 and including an individual who provides health care services pursuant to a personal services contract with a tribal organization for the provision of services in any facility owned, operated, or constructed under the jurisdiction of the Indian Health Service) are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement: Provided, That such employees shall be deemed to be acting within the scope of their employment in carrying out such contract or agreement when they are required, by reason of such employment, to perform medical, surgical, dental or related functions at a facility other than the facility operated pursuant to such contract or agreement, but only if such employees are not compensated for the performance of such functions by a person or entity other than such Indian tribe, tribal organization or Indian contractor.

23-cv-0570

SDAIHC was served with the underlying Complaint on August 31, 2022, and filed its Notice of Removal seven months later, on March 31, 2023. (Notice of Removal at ¶ 10.) On September 16, 2022, SDAIHC tendered the defense of the suit to the Department of Health and Human Service ("HHS"). HHS counsel engaged in some communication with counsel for SDAIHC.[6] *See* Declaration of Sean Flaim at ¶¶ 2-9. Both Plaintiff and the United States have moved to remand this action to Superior Court.  (*See* ECF No. 5, 6.) SDAIHC also moved to substitute the United States in as Defendant.  The United States opposes for the reasons set forth below.

### III.    ARGUMENT

####    A.    SDAIHC's Removal Was Improper; This Case Should be Remanded to State Court

Defendant SDAIHC's removal to state court was untimely and improper, as set forth in the United States' and Plaintiff's motions to remand.  (ECF No. 5, 6.)  This case should be remanded to proceed between the original parties, without substitution of the United States as Defendant.

####    B.    Data Breaches do not Fall Within SDAIHC's FTCA Medical Malpractice Coverage

SDAIHC incorrectly claims in its motion that it is "immune from liability for tort claims."  This contention is overbroad and contrary to the text of 25 U.S.C. § 5321(d), which has medical malpractice coverage based on 42 U.S.C. § 233(a) (and coverage for motor vehicle accidents, which is not relevant here). SDAIHC misunderstands the history and purpose of § 233 and the nature of sovereign immunity.

---

[6]     Contrary to assertions made by counsel for SDAIHC, HHS counsel did not in fact promise SDAIHC that it would remove this case. (Declaration of Sean Flaim at ¶ 10.)

23-cv-0570

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1. Data breach claims are not within the scope of 25 U.S.C. § 5321(d), which is based on 42 U.S.C. § 233(a).

As described in section II.B, the only source of SDAIHC's potential FTCA coverage is 25 U.S.C. § 5321(d), which is patterned after and refers to 42 U.S.C. § 233(a). The coverage conferred by § 233(a) is limited to "damage for personal injury, including death." That is narrower than the full scope of immunity afforded under the FTCA, which includes "loss of property" in addition to "personal injury or death." *See* 28 U.S.C. § 1346(b)(1).

Further, the ordinary meaning of "personal injury" is "an injury affecting one's physical and mental person as contrasted with one causing damage to one's property." Personal Injury, Webster's Third New International Dictionary (unabr. ed. 1968); *see also* Injury, Black's Law Dictionary (11th ed. 2019) (equating "personal injury" with "bodily injury"). And a data-breach is akin to the theft or conversion of intangible property—not personal injury. *See, e.g., Reilly v. Ceridian Corp.*, 664 F.3d 38, 45 (3d Cir. 2011) (noting that "[t]he hacker [in the data-breach] did not change or injure Appellants' bodies," and there was "no fear that litigants will be dead or disabled from the onset of the injury").

The immunity conferred by § 233(a) is further limited to personal injury "resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233(a). The ordinary meaning of "function" is an "[a]ctivity that is appropriate to a particular business or profession." Function, Black's Law Dictionary (11th ed. 2019); *see* Function, Webster's Third New International Dictionary (unabr. ed. 1968) ("the action for which a person . . . is specially fitted: role, duty, work"). And here, the acts or omissions giving rise to SDAIHC's data-breach were not "appropriate" or "specially fitted" to the work of doctors, surgeons, dentists, or like professions. Rather, the conduct at issue here is the work of network administrators, information-technology specialists, and corporate-compliance officers. *See, e.g.,* ECF No.1-2, Notice of Removal Ex. A, at ¶¶ 51-52 (alleging SDAIHC "could have prevented the Data Breach by properly securing and encrypting and/or more securely encrypting its servers generally").

6

### 2. The history and purpose of the statute show that § 233(a) does not cover data-breach claims

The above reading of § 233(a) comports with the history and purpose of § 233. *See Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019) (noting that statutory interpretation "determines meaning by looking not to isolated words, but to text in context, along with purpose and history"). This history and purpose show that § 233(a) is directed at conduct sounding in medical or related-professional malpractice—not the theft of intangible property. Indeed, that is why HHS advises health centers that "even with FTCA coverage," they "will continue to need other types of insurance," such as "non-medical/dental professional liability coverage" as well as "theft coverage."

Section 233(a) originated in 1970 with a request from the Surgeon General to Congress that, "in the event there is a suit against a [Public Health Service (PHS)] doctor alleging malpractice, the Attorney General of the United States would defend them," because PHS physicians "cannot afford to take out the customary liability insurance as most doctors do." 116 Cong. Rec. 42,543 (1970). Ten years later, the Supreme Court acknowledged that § 233(a) was directed to "malpractice by certain Government health personnel." *See Carlson v. Green*, 446 U.S. 14, 20 (1980).

When the Federally Support Health Centers Assistance Act ("FSHCAA") created § 233(g), which incorporates the limitations of § 233(a), to health centers in 1992, Congress again understood that this provision was directed to conduct sounding in medical malpractice. Congress reiterated this understanding when it made FSCHAA permanent in 1995. See Pub. L. No. 104-73, 109 Stat. 777 (1995) ("An Act to amend the Public Health Service Act to extend and clarify malpractice coverage for health centers, and for other purposes."). And FSCHAA grafted numerous provisions onto § 233 expressly referencing "malpractice." *See, e.g.*, 42 U.S.C. §§ 233(g)(1)(G)(ii), (g)(2), (h)(1), (m)(2), (n)(1)(A), (n)(1)(D)(i)-(ii), (n)(1)(D)(2)(A)(i), (n)(2)(C), (n)(2)(C)(ii), (n)(2)(D).

Therefore, under 25 U.S.C. § 5321(d), as extended to SDAIHC by § 1661, these deemed employees are immune from suits predicated on conduct that amounts to medical

7

malpractice, provided that they are acting within the scope of their employment while treating a patient. *Cf. Cuoco v. Moritsugu*, 222 F.3d 99, 108-09 (2d Cir. 2009) (holding that § 233(a) protects PHS officers from being subject to suit when performing medical "and similar" functions, and further observing that if Plaintiff had alleged a tort resulting from something other than medical duties, § 233(a) would not bar such a suit). That construction perfectly harmonizes with the reason Congress enacted 42 U.S.C. § 233(a)—to confer statutory immunity against any claim predicated upon medical malpractice during a federal officer or employee's discharge of official duties because federal common-law official immunity would not afford protection from suit. Unsurprisingly, it also aligns with the reason that Congress enacted 42 U.S.C. § 233(g), 25 U.S.C. § 5321(d), and 25 U.S.C. § 1660i —to confer medical malpractice protections so that certain federal grant recipients, Indian self-determination contractors, and UIOs would not have to purchase medical malpractice insurance. *Cf. Warner v. Goltra*, 293 U.S. 155, 158 (1934) (context requires ascribing to statutory language a meaning consistent with the "mischief to be corrected and the end to be attained.").

### 3. Sovereign immunity requires rejecting SDAIHC's expansive interpretation of § 233(a).

Even if the scope of § 233(a) were uncertain, the sovereign-immunity canon precludes SDAIHC's expansive reading of the statute to embrace data-breach claims. That is because the scope of coverage afforded to Urban Indian organizations in § 233(a) via 25 U.S.C. § 5321(d) and § 1661 is also a waiver of sovereign immunity for the United States. *See Jackson v. United States*, No. 20-2347, 2021 WL 2682044, at *2 (E.D. Cal. June 30, 2021). And "[w]aivers of immunity must be construed strictly in favor of the sovereign" and cannot be "enlarge[d] . . . beyond what the language requires." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983).

The Supreme Court's decision in *Federal Aviation Administration v. Cooper*, 566 U.S. 284 (2012), is illustrative. There, the plaintiff sued the FAA to recover "actual damages" under the Privacy Act, 5 U.S.C. § 552a(g)(4)(A), for the unlawful release of his

8

private information. *Id.* at 287. The Court considered whether the term "actual damages" included emotional distress, or only economic loss. *Id.*

The Court ultimately found that the phrase "actual damages" had a "chameleon-like quality" depending on its context. *Id.* at 294. But because the phrase implicated the scope of a waiver of sovereign immunity, it required a narrow construction. As the Court explained:

> [B]ecause the Privacy Act waives the Federal Government's sovereign immunity, the question we must answer is whether it is plausible to read the statute, as the Government does, to authorize only damages for economic loss. . . . As a consequence, we adopt an interpretation of 'actual damages' limited to proven pecuniary or economic harm. To do otherwise would expand the scope of Congress' sovereign immunity waiver beyond what the statutory text clearly requires.

*Id.* at 299 (emphasis added).

Here, SDAIHC's broad interpretation – that 25 U.S.C. § 5321(d) and 42 U.S.C. § 233(a) reach this data-breach class action – is not "clearly required" by the statutory text, as set forth above. And a reading of § 233(a) that excludes such actions is—at the very least— "plausible." *See FAA v. Cooper*, 566 U.S. at 299. Accordingly, under governing principles of sovereign immunity, this Court must adopt the narrower construction, rather than broadly construing a waiver of sovereign immunity.

### 4. Recent Court Decisions Reject the Notion that Cyber Attacks Leading to Data Breaches are Covered by Section 233.

Recent district court decisions in the Ninth Circuit and elsewhere have analyzed this scenario and concluded that Section 233 does not cover data breaches and does not allow a private party to force the substitution of the United States into a case where jurisdiction over the Government is not established.

> Moreover, the Court's conclusion is supported by the fact the Westfall Act requires the United States to be served according to Rule 4 of the Federal Rules of Civil Procedure before its

9

23-cv-0570

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

substitution occurs. *See* § 2679(d)(3). Section 233, in comparison, does not. Thus, **if the court allowed CMC's § 233 interpretation to prevail, courts could force the United States' participation in lawsuits where jurisdiction over the Government is not established—an outcome that flies in the face of due process and will not be condoned by this Court.**

*Hinds v. Community Medical Center, Inc.*, 2022 WL 17555525 *3 (E.D. Cal. 2022) (emphasis added).

Similarly, a recent decision from the District of Vermont concluded that the storage of electronic data does not qualify as "medical, surgical, dental, or related functions." *Patricia Marshall v. Lamoille Health Partners, Inc.*, 2023 WL 2931823 * 4-5 (D. Vt. 2023). In doing so, the Court in *Marshall* rejected the reasoning provided by other district courts who, when confronting this issue, concluded that data storage qualified as "medical, surgical, dental, or related functions" because maintaining confidential personal and health information is necessary to effectively treat patients. *Id.*; discussing *Doe v. Neighborhood Healthcare*, 2022 WL 17663520 (S.D. Cal. Sept. 8, 2022). Beyond this stated reason, the *Doe* Court did not further explain why employing specific practices and technologies with regard to cyberthreats qualifies as "medical, surgical, dental, or related functions."[7]

The *Marshall* Court rejected that reasoning, finding that the mere fact one task was a component of the larger task of providing medical care was not sufficient to trigger coverage; rather, the relevant question is whether the activity was so "interwoven" so as to be *crucial to* the provision of direct medical care. An alleged failure to provide adequate

---

[7] Another case relied on by *Doe* for its reasoning, *Ford v. Sandhills Medical Foundation, Inc.*, No. 4:21-cv-2307-RBH, 2022 WL 1810614 (D.S.C.), is currently pending appeal in the Fourth Circuit regarding the issue of the scope of the language "medical, surgical, dental, or related functions." *Ford v. Sandhills Medical Foundation, Inc.*, No. 22-2268. Briefing in the matter is currently underway with the United States supporting the plaintiff's position that the language does not extend to data breach cases.

cybersecurity is not "interwoven" with the provision of direct medical care. The *Marshall* Court reasoned as follows:

> None of these technology-related activities were "interwoven" with the provision of medical care. They instead consisted of security-related work by information technology and compliance personnel in a health care setting. That the data in question included personal patient information is not dispositive. **It is the nature of the "function" that is at issue, and the Court finds the technology-specific allegations in this case do not include "medical, dental, surgical, or related functions" as required for immunity under the FSHCAA.** Accordingly, Lamoille's motion to dismiss for lack of subject matter jurisdiction is denied.

*Marshall v. Lamoille Health Partners, Inc.*, 2023 WL 2931823 at *5 (emphasis added).  In so holding, the *Marshall* court directly rejected SDAIHC's arguments here.

## C. 5321(d)'s Statutory Note Does Not Support Substitution

While it did receive grant money from HHS's community health center program in addition to the grant from the IHS, SDAIHC is not a community health center that applied for deeming pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA) (42 U.S.C. § 233 (g) – (n)) and is "not an Indian Self-Determination and Education Assistance Act contractor under 25 U.S.C. § 5321," as determined by HHS Counsel.  (Flaim Decl., ¶ 3 and Exhibits A and B.)

During its investigation, HHS identified that SDAIHC receives a small portion of its funding from a §254b grant program. However, SDAIHC had not applied for deeming under § 233(g).  *See* Flaim Decl. ¶ 3. Rather, its grant application indicated at the time that it had private malpractice insurance.[8] Indeed, the grant application explicitly provides:

---

[8] SDAIHC's grant application under § 254b was made on December 23, 2019, prior to the passage of 25 U.S.C. § 1660i extending FTCA medical malpractice coverage to Urban Indian Organizations.

23-cv-0570

**FEDERAL TORT CLAIMS ACT**

*8) If you do not have plans to seek Federal Tort Claims Act (FTCA) coverage (see Section VIII for details), describe plans for maintaining or obtaining private malpractice insurance.*

SDAIHC maintains a private malpractice insurance policy and umbrella policy currently.

*See* Flaim Decl., Ex. B Part 1 at page 67. *See also Bogues v. United States*, 703 F. Supp. 2d 318, 326–27 (S.D.N.Y. 2010) (concluding that, because a health center failed to submit an application for deeming, defendants were not deemed Public Health Service employees and therefore, there was no FTCA-based subject matter jurisdiction).

## V.   CONCLUSION

For the foregoing reasons, the United States respectfully request that the Court grant its motion and remand this case back to state court and deny SDAIHC's motion to substitute the United States as Defendant.

Dated: May 8, 2023                    RANDY S. GROSSMAN
                                      United States Attorney

                              By:    _____*s/ Katherine L. Parker*_____
                                      KATHERINE L. PARKER
                                      Assistant U.S. Attorney
                                      Attorneys for Defendant the United
                                      States of America

23-cv-0570