1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  **COLE & VAN NOTE**
   555 12th Street, Suite 2100
3  Oakland, California 94607
   Telephone:  (510) 891-9800
4  Facsimile:  (510) 891-7030
   Email: sec@colevannote.com
5  Email: lvn@colevannote.com
   Web:  www.colevannote.com
6
7  Attorneys for Representative Plaintiff
8
9              **UNITED STATES DISTRICT COURT**
10            **SOUTHERN DISTRICT OF CALIFORNIA**
11

12  FLORENCIO RAMOS,                        Case No. 3:23-cv-00570-MMA-AHG
    individually and on behalf of all
13  others similarly situated,              **CLASS ACTION**

14                      Plaintiff,          **PLAINTIFF'S AMENDED NOTICE OF
                                            MOTION AND MOTION FOR
15  v.                                      PRELIMINARY APPROVAL OF
                                            CLASS ACTION SETTLEMENT;
16  SAN DIEGO AMERICAN                      MEMORANDUM OF POINTS AND
    INDIAN HEALTH CENTER, and              AUTHORITIES IN SUPPORT
17  DOES 1 through 100, inclusive,          THEREOF**

18                                          **Date:       March 4, 2024
                        Defendant.          Time:       2:30 p.m.**
19                                          **Judge:      Hon. Michael M. Anello
                                            Courtroom: 3C**
20
21
22
23
24
25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1
2
## NOTICE OF MOTION AND MOTION
3
**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**
4
 PLEASE TAKE NOTICE that on March 4, 2024 at 2:30 p.m., or as soon
5
thereafter as the matter may be heard, before the Honorable Michael M. Anello,
6
United States District Court Judge, Plaintiff Florencio Ramos ("Plaintiff") will and
7
does hereby move this Court for an order preliminarily approving the proposed
8
Settlement entered into by Plaintiff and Defendant San Diego American Indian
9
Health Center ("SDAIHC" or "Defendant") (collectively, the "Parties").
10
 This Motion is made pursuant to Federal Rules of Civil Procedure Rule 23(e)
11
on the grounds that the proposed Settlement is fair, reasonable and adequate when
12
viewed against the continued risks of litigation, the proposed Settlement Class meets
13
all criteria for certification for Settlement purposes and the proposed Notice and
14
notice plan are designed to ensure the best practicable notice and compliance with
15
due process.
16
 This Motion is based upon this Notice of Motion and Motion, the following
17
Memorandum of Points and Authorities, the Settlement Agreement and all exhibits
18
thereto, the Declaration of Laura Van Note in Support of Plaintiff's Motion for
19
Preliminary Approval of Settlement and all exhibits thereto, all other pleadings and
20
papers on file, and such other arguments and materials as may be presented before
21
the Motion is taken under submission.
22
23
Dated: February 5, 2024        **COLE & VAN NOTE**
24
           By: */s/ Laura Grace Van Note*
25
             Laura Grace Van Note, Esq.
             Attorney for Representative Plaintiff
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................1

II. SUMMARY OF THE LITIGATION ..................................................................2

    A. Factual Allegations .......................................................................................2

    B. Litigation History ..........................................................................................2

        *1.  Discovery*.............................................................................................2

        *2.  Negotiations and Mediation* ...............................................................2

III.TERMS OF THE SETTLEMENT .......................................................................3

    A. The Settlement Class .....................................................................................3

    B. The Settlement Benefits.................................................................................3

    C. Notice, Notice Plan and Claims Administration ...........................................3

    D. The Settlement Administrator .......................................................................4

    E. Attorneys' Fees, Costs and Service Award ...................................................5

    F. Released Claims ............................................................................................5

IV. LEGAL ARGUMENT.........................................................................................5

    A. The Settlement Falls Within the Range of Reasonableness ..........................6

        *1.  Plaintiffs and Counsel Have Adequately Represented the Class*...........7

        *2.  The Settlement Resulted from Informed, Arm's-Length Negotiations* ..7

        *3.  The Relief Provided for the Class Is Adequate* .....................................8

        *4.  The Settlement Structure Is Fair, Effective, and Reasonable* ...............9

        *5.  The Settlement Falls Within the Range of Possible Approval* ...........10

        *6.  Experienced Counsel Recommend Approval* ......................................12

    B. The Proposed Settlement Class Should be Certified.............................. 12

        *1.  The Class Meets the Requirements of Rule 23(a)* ..............................13

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:23-cv-00570-MMA-AHG

2. *The Class Meets the Requirements of Rule 23(b)(3)* ........................... 14

3. *The Settlement Class Definition Comports with the Class Definition in the Complaint* ................................................................. 16

C. The Proposed Notice and Notice Program Meet All Applicable Requirements ................................................................. 16

1. *The Notice Plan Uses the Best Practicable Means to Reach Class Members* ................................................................. 16

2. *The Proposed Notice Adequately Informs Class Members of Their Rights and Options* ................................................................. 17

D. Settlement Class Counsel Should be Appointed ................................ 17

E. Schedule ................................................................. 18

V. CONCLUSION ................................................................. 18

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1
2
3

# **TABLE OF AUTHORITIES**

4

**Cases:**

5

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ...................................... 15

6

*Carlotti v. ASUS Computer Inte'l*, 2019 WL 6134910 (N.D. Cal. Nov. 19, 2019).. 7

7

*Hammond v. The Bank of N.Y. Mellon Corp.*, 2010 WL 2643307 (S.D.N.Y. June 25,

8

2010) .......................................................................................................... 8

9

*In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299 (N.D. Cal. 2018) ......... 9, 10

10

*In re Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 721680 (N.D. Cal. Jan. 28,

11

2016) .......................................................................................................... 9

12

*In re Equifax Inc. Customer Data Sec. Breach Litig.*, 2020 WL 256132 (N.D. Ga.

13

Mar. 17, 2020) .................................................................................... 8, 9, 16

14

*In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*, 2020 WL 4212811 (N.D. Cal. July

15

22, 2020) ........................................................................... 9, 13, 14, 16

16

*Just Film, Inc. v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017) ............................ 16

17

*Kent v. Hewlett-Packard Co.*, 2011 WL 4403717 (N.D. Cal. Sept. 20, 2011)....... 14

18

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998) ........................... 7

19

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D.

20

Cal. 2004) .................................................................................................. 10

21

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d

22

615 (9th Cir. 1982) .................................................................................... 10

23

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) .................................................. 13

24

*Phillips Co. v. Shutts*, 472 U.S. 797 (1985) ........................................................ 15

25

*Schwartz v. Yahoo! Inc.*, No. 20-16633 (9th Cir. June 27, 2022)........... 9, 13, 14, 16

26

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ........................................... 14

27

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016) ................................. 14

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*Vaquero v. Ashley Furniture Indus., Inc.,* 824 F.3d 1150 (9th Cir. 2016) ............. 14

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................. 13

**Statutes/Rules**

**Federal**

Class Action Fairness Act, 28 U.S.C. § 1715(b) ......................................................4

Fed. R. Civ. P. Rule 23 ................................................................................... *passim*

**Secondary Sources**

*Newberg on Class Actions § 13:1 (5th ed.)* ..............................................................6

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:23-cv-00570-MMA-AHG

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In August 2022, Defendant San Diego American Indian Health Center ("SDAIHC" or "Defendant") began sending notice to 27,367 individuals whose Protected Health Information ("PHI") and Personally Identifiable Information ("PII") were accessed and exfiltrated by a third party that gained unauthorized access to Defendant's servers.

Plaintiff filed the Complaint on August 26, 2022, alleging (i) Negligence, (ii) Violations of the Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*, (iii) Invasion of Privacy, (iv) Breach of Confidence, (v) Breach of Implied Contract, (vi) Breach of Implied Covenant of Good Faith and Fair Dealing, (vii) Violation of the California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, (the "UCL"), and (viii) Unjust Enrichment.

After a full-day mediation and an extensive settlement negotiation process, the Parties have reached a proposed Settlement that provides for the creation of a Settlement Fund of $350,000, which will be used to provide each Class Member with either (1) thirty-six (36) months of identity-theft protection and fraud resolution services, called "Financial Shield" by Pango, or (2) a pro rata cash distribution payment from the Settlement Fund referred to as the "Settlement Share." These monetary and non-monetary benefits represent a strong recovery when viewed in comparison to what could be achieved through trial even *before* taking into account the significant risk, cost and delay of continued litigation.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## II.    SUMMARY OF THE LITIGATION

### A.    Factual Allegations

Plaintiffs allege unauthorized individuals exploited a vulnerability in Defendant's computer systems and network and accessed and/or exfiltrated Class Members' sensitive, non-public PII and PHI (the "Data Breach"). Complaint (hereafter "CMP") ¶¶ 35-38. Plaintiffs allege the Data Security Incident began in May 2022. CMP ¶ 2. Defendant sent notice to potentially affected individuals beginning on August 15, 2022. CMP ¶ 4. Plaintiff received such a notice, and subsequently filed suit seeking damages for the Class for lost time, the threat of future harm, out-of-pocket expenses and other injuries related to this event. CMP ¶ 75-86.

### B.    Litigation History

#### 1.    *Discovery*

Class Counsel has thoroughly investigated the key facts of this case. Declaration of Laura Van Note, ¶ 10.[1] Class Counsel's investigation, combined with the information exchanged in connection with mediation, provided Class Counsel with sufficient understanding about the relative strengths and weaknesses of the various claims and defenses at issue to reach an informed decision and a fair resolution. *Id.*

#### 2.    *Negotiations and Mediation*

In final preparation for mediation, Class Counsel requested information tailored to developing a damages and penalties analysis for each of the primary claims identified in the operative Complaint. *Id.*, ¶ 11. On July 14, 2023, the Parties participated in a mediation before experienced mediator Randall Wulff. *Id.*, ¶ 12. At mediation, the Parties exchanged information and engaged in intensive discussions regarding their evaluations of the litigation and various aspects of the litigation,

---

[1] Hereafter cited as "Van Note Decl."

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  including the risks and delays of further litigation, the risks to the parties of

2  proceeding with class certification, the law relating to the allegations, the evidence

3  produced and analyzed and the possibility of appeals, among other things. *Id.*

4  Though the mediation was not initially successful, the Parties negotiated in the

5  months following mediation. *Id.*, ¶ 13. The Settlement Fund was negotiated <u>first</u> and

6  <u>separately</u> from any discussion regarding attorneys' fees, service awards and claims

7  administrator fees. *Id.*, ¶ 12. The Parties ultimately reached a Settlement in principle

8  and continued to negotiate the long form agreement over the following months. *Id.*,

9  ¶ 13. This resulted in the Settlement Agreement accompanying this Motion. *Id.*, ¶

10  13.

11

12  **III.    TERMS OF THE SETTLEMENT**

13      **A.    The Settlement Class**

14      The Settlement Class includes all individuals whose Personal Information was

15  actually or potentially accessed during the Security Incident. Excluded from the

16  Settlement Class are officers of Defendant, the judges presiding over the Action and

17  members of their immediate family, and Class Members who submit a Request for

18  Exclusion. S.A. § II (B).

19      **B.    The Settlement Benefits**

20      The Settlement provides for either (1) thirty-six (36) months of identity-theft

21  protection and fraud resolution services, called "Financial Shield" by Pango, or (2)

22  a pro rata cash distribution payment from the Settlement Fund referred to as the

23  "Settlement Share." S.A. § V (A). The Settlement Share shall not exceed $50. S.A.

24  § IV (F).

25      **C.    Notice, Notice Plan and Claims Administration**

26      Within five business days of the filing of the Motion for Preliminary

27  Approval, Plaintiff shall prepare and provide notice on the Attorney General of the

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

United States and each state Attorneys General or others, all as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

No later than seven (7) days after the entry of the Preliminary Approval Order, Defendant will provide the Settlement Administrator with a list of Settlement Class Members which will include, to the extent available, the name and address of each Settlement Class Member. S.A. § VII (B). The Claims Administrator shall cause notice to be disseminated to the Settlement Class Members pursuant to the Preliminary Approval Order and the Notice Program, as described below.

Within thirty-five (35) days after the Court's entry of the Preliminary Approval Order, the Claims Administrator shall send the Summary Notice via First Class Mail to Settlement Class Members (the "Class Notice Date").

From the date of mailing the first notice, the Claims Administrator shall establish a dedicated Settlement website that includes this Class Settlement Agreement and the Claim Form approved by the Court. A website will be established by the Settlement Administrator using a URL approved by both parties. The website will contain information on the

### D.    The Settlement Administrator

The Parties selected CPT Group ("CPT") as the Settlement administrator. Van Note Decl. ¶ 24. Information about CPT's credentials and experience are provided in the Declaration of Julie Green, including information regarding CPT's handling of Class Member data and insurance coverage. CPT estimates the cost of notice and administration at $44,500, a reasonable amount in relation to the size of the Class and value of the Settlement. Green Decl. ¶ 11. Within the Declaration of Ms. Green, she lists the prominent, multistate class action settlements administered by CPT in the recent past.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

### E.   Attorneys' Fees, Costs and Service Award

Settlement Class Counsel requests attorneys' fees in the amount of $135,000, plus reasonable costs and expenses. Van Note Decl. ¶ 15. This amount was negotiated only after the Parties agreed on compensation to the Class. *Id.* ¶ 22. Settlement Class Counsel will request a Service Award payment to Representative Plaintiff in the amount of $5,000. S.A. § IV (D). The Service Award was negotiated after the Parties agreed on compensation to the Class. Van Note Decl. ¶ 23.

### F.   Released Claims

Upon entry of the Final Approval Order, each Settlement Class Member, including Representative Plaintiff, shall be barred from initiating, asserting or prosecuting against Defendant and any Released Parties any claims that are released by operation of the Class Settlement Agreement and the Final Approval Order. S.A. § X (A). Each Settlement Class Member, including Plaintiff, whether or not they have received an Award, will be deemed by operation of the Agreement to have fully released, discharged and acquitted Defendant and the Released Parties from any and all of the Released Claims and will be deemed to have also released Unknown Claims. S.A. § X (B). This includes a release of any and all Unknown Claims, even if unrelated to the Released Claims, and any and all provisions, rights and benefits conferred by any law of any state, province or territory of the United States which is similar, comparable or equivalent to California Civil Code section § 1542. *Ibid.*

## IV.   LEGAL ARGUMENT

Judicial approval of class action settlements typically proceeds through three stages: (i) preliminary approval, where the court conducts an initial fairness review and decides whether to notify the class, (ii) a notice period, where class members are given an opportunity to review the settlement and object or comment, and (iii) a fairness hearing, where the court considers the overall class reaction and makes its

final determination. *See* Fed. R. Civ. P. 23; *Newberg on Class Actions § 13:1 (5th ed.)*.

This case is now at the preliminary approval stage, where the Court will decide whether the Parties should notify Class Members about the Settlement. That decision requires the Court to make several preliminary determinations: first, whether the proposed Settlement is likely to be approved if notice is disseminated to the Class; second, whether the proposed Settlement Class is likely to be certified for purposes of judgment; third, whether the Parties' proposed notice plan provides for the best notice practicable under the circumstances and the Settlement Administrator may disseminate notice; and fourth, the Court sets a schedule for notifying the Class and considering its reaction to the proposed Settlement. Fed. R. Civ. P. 23(c), (e). In the sections that follow, Plaintiffs offer their analysis of each facet of the preliminary approval process.

## A.    The Settlement Falls Within the Range of Reasonableness

The 2018 amendments to Rule 23 direct the Parties to present proposed class settlements "in terms of a shorter list of core concerns." Fed. R. Civ. P. Rule 23(e)(2), 2018 Adv. Comm. Notes. These concerns, which Rule 23(e)(2) now requires courts to consider before approving a class settlement, include two concerns bearing on procedural fairness and two bearing on substantive fairness. *Id*. The two procedural concerns are (i) whether plaintiff and their counsel have adequately represented the class and (ii) whether the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. Rule 23(e)(2)(A)-(B). The two substantive concerns are (i) whether the relief provided for the class is adequate and (ii) whether the proposed settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(2)(C)-(D). Here, review of these four core concerns favors the proposed Settlement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    *1. Plaintiff and Counsel Have Adequately Represented the Class*

The first procedural concern asks whether the proposed settlement was the result of adequate representation. Fed. R. Civ. P. Rule 23(e)(2)(A). One of the hallmarks of adequate representation is a thorough investigation and assessment of the class members' claims. *See id.*, Adv. Comm. Note. Formal discovery is not required, but counsel should have sufficient information to make informed decisions at the bargaining table. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Here, Class Counsel were well prepared to negotiate a beneficial settlement for Class Members. In addition to a comprehensive pre-filing investigation, they sought early discovery that went to the heart of the case and had extended negotiations with Defendant. Van Note Decl. ¶¶ 10-12.

Representative Plaintiff will request a service payment of $5,000 for his participation in this litigation. Representative Plaintiff researched and identified qualified counsel, participated in the mediation settlement process, and risked being further targeted for identity theft by putting his name on this litigation. Van Note Decl. ¶¶ 23.

*2. The Settlement Resulted from Informed, Arm's-Length Negotiations*

"Class Settlements are presumed fair when they are reached following sufficient discovery and genuine arms-length negotiation." *Carlotti v. ASUS Computer Inte'l*, 2019 WL 6134910, *6 (N.D. Cal. Nov. 19, 2019). Here, the Parties' Settlement was reached after contentious negotiations consisting of a full-day mediation before Randall Wulff and another three months of negotiations to finalize the terms of the Settlement. Van Note Decl. ¶¶ 8, 12-13. Mr. Wulff is a respected and experienced neutral. Van Note Decl. ¶¶ 8, 12. The Parties did not discuss Attorneys' Fees, Service Awards or Settlement Administration costs until after reaching agreement on the Class Settlement. Van Note Decl. ¶ 22-23. Taking into

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1 consideration the Parties' preparation for the mediation, the length of negotiations

2 and the involvement of a highly qualified private mediator, the proposed Settlement

3 should be presumed procedurally fair. Fed. R. Civ. P. Rule 23(e)(2)(B), 2018 Adv.

4 Comm. Note.

5         *3.*  *The Relief Provided for the Class Is Adequate*

6       The proposed Settlement provides meaningful monetary recovery in addition

7 to important non-monetary relief. The benefits conferred are fair and adequate

8 compared to other similar cases. The identity theft protection is meaningful and will

9 help minimize the risks created by the Data Breach for Class Members who choose

10 to receive it. The collective relief is even more favorable considering the factors

11 under Rule 23(e)(2)(C).

12       While Plaintiff believes her case is strong, ongoing litigation will require

13 Plaintiff and the Class to take on significant risks of expenses, delays and negative

14 outcomes. Data breach cases are particularly complex and expensive by nature. *See,*

15 *e.g.*, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 2020 WL 256132, at \*32-

16 33 (N.D. Ga. Mar. 17, 2020) [hereinafter "*In re Equifax*"] (recognizing the

17 complexity and novelty of issues in data breach class actions). Courts explicitly

18 recognize data breach cases as among the most risky and uncertain of all types of

19 class action litigation. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp.*, 2010

20 WL 2643307, at \*1 (S.D.N.Y. June 25, 2010) (collecting cases).

21       This case is no exception. It involves tens of thousands of Class Members,

22 complicated and technical facts, a well-funded and motivated Defendant and

23 contested central issues relating to class certification; who the proper defendant

24 should be, liability, and damages. Defendant would surely oppose class certification

25 and move for summary judgment (or seek similar dispositive relief). Establishing

26 liability for such a breach (or an alternative theory of liability) at trial would require

27 countless hours of costly investigation, discovery, reporting, and testimony from

28

1   data security and financial industry expert witnesses. Even if these were all

2   successful, given the relative novelty of the legal theories underlying Plaintiffs'

3   claims it could face significant scrutiny on appellate review.

4        Moreover, no side agreements were made between the Parties (*See* Fed. R.

5   Civ. P. 23(e)(3)) and the attorneys' fees and costs and were negotiated only after

6   reaching an agreement on compensation for the Class. Van Note Decl. ¶¶ 22-23.

7        4.   *The Settlement Structure Is Fair, Effective, and Reasonable*

8        "A plan of allocation that reimburses class members based on the type and

9   extent of their injuries is generally reasonable." *In re Cathode Ray Tube (Crt)*

10  *Antitrust Litig.*, 2016 WL 721680, at *21 (N.D. Cal. Jan. 28, 2016). Because Class

11  Members may have suffered varying types and degrees of injury, the Settlement

12  permits Settlement Class Members to receive cash payments or elect to receive

13  identity theft protection and credit monitoring services. In this respect, the

14  Settlement achieves customized recovery to each Class Member and treats them

15  fairly and equitably as some Class Members may already have identity theft

16  protection or credit monitoring services. As such, this type of claims process has

17  been approved in numerous other cases involving data breaches and privacy

18  infringements. *See, e.g.*, *In re Equifax*, 2020 WL 256132 at **2, 8; *In re Yahoo! Inc.*

19  *Cust. Data Sec. Breach Litig.*, 2020 WL 4212811, *12 (N.D. Cal. July 22, 2020),

20  aff'd, *Schwartz v. Yahoo! Inc.*, No. 20-16633 (9th Cir. June 27, 2022) [hereinafter

21  "*In re Yahoo!*"]; *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 310 (N.D.

22  Cal. 2018).

23       The claims process here is designed to be simple and fast, yet comprehensive

24  enough to ensure fair and equitable treatment for all Class Members. All Settlement

25  Class Members may submit a claim that allows them to elect which benefit best suits

26  their needs. Allowing Class Members to make this decision provides flexibility to

27  Class Members and reflects that the interests of all Class Members were represented

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:23-cv-00570-MMA-AHG

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    and considered. Courts have approved settlements that have similarly allowed for a

2    decision between identity theft protection or a cash payment. *In re Anthem*, 327

3    F.R.D. 299, 310, 323-324 (N.D. Cal. 2018). The process for claiming a cash payment

4    is also simpler than other settlements that have been approved which required class

5    members to provide supporting documentation for claims of lost time and out-of-

6    pocket expenses. *Id.* at 325, 328, 332.

7             *5.   The Settlement Falls Within the Range of Possible Approval*

8         When considering whether the amount of a Settlement is adequate, "[i]t is the

9    complete package taken as a whole, rather than the individual component parts, that

10   must be examined for overall fairness." *Officers for Just. v. Civ. Serv. Comm'n of*

11   *City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). "[A] proposed

12   Settlement may be acceptable even though it amounts to only a fraction of the

13   potential recovery that might be available to the class members at trial." *Nat'l Rural*

14   *Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal.

15   2004). Plaintiff has analyzed the potential class recovery and offers the following

16   explanation of the factors bearing on the amount of the compromise:

17        Defendant reported that 27,367 individuals were potentially affected by this

18   security incident. Since Plaintiff was the only individual to come forward and file a

19   lawsuit, it is unclear how many of these 27,367 individuals will claim injury. It is

20   estimated that cash payments will be approximately $261.55. S.A. § V (C). This is

21   more than sufficient to satisfy the bulk of potential claims given the nature of the

22   information involved here. The compensable claims are for lost time and modest

23   damages for out-of-pocket expenses (e.g., postage, paying for credit freezes, etc.).

24   Given the type of information involved, this represents an excellent outcome for the

25   Class. Van Note Decl. ¶ 27.

26        Indeed, the Settlement compares favorably with other settlements that have

27   been approved in data breach matters. With a common fund settlement amount of

28

$350,000, the per class member value of the Settlement is $12.79.  For example, the following chart identifies the per class member value based on the common fund settlement amount for certain recent cases that involved sensitive, private information:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
|---|---|---|---|---|
| *Cochran v. Kroger Co.* | No. 5:21-cv-01887 (N.D. Cal.) | $5,000,000 | 3,825,200 | $1.31 |
| *Thomsen v. Morley Companies, Inc.* | No. 1:22-cv-10271 (E.D. Mich.) | $4,300,000 | 694,679 | $6.19 |
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Boykin v. Choice Health Insurance, LLC* | No. 4:22-cv-03940 (D.S.C.) | $500,000 | 68,177 | $7.33 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 | $8.08 |
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,359 | $15.17 |
| *Lutz v. Electromed, Inc.* | No. 21-cv-2198 (D. Minn.) | $825,000 | 47,000 | $17.55 |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-11-

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:23-cv-00570-MMA-AHG

| | | | | |
|---|---|---|---|---|
| *McKittrick v. Allwell Behavioral Health Services* | No. CH 2022-0174 | $650,000 | 31,944 | 20.35 |
| *Abrams v. Savannah College of Art & Design* | No. 1:22-cv-04297 (N.D. Ga.) | $375,000 | 16,890 | $22.20 |
| *Phelps v. Toyotetsu North America* | No. 6:22-cv-00106 (E.D. Ky.) | $400,000 | 11,916 | $33.57 |

Van Note Decl. ¶ 27.

### *6. Experienced Counsel Recommend Approval*

Class Counsel have substantial experience in complex class action litigation, including data privacy cases. Van Note Decl. ¶¶ 19, 25-26. Class Counsel fully endorse the Settlement as falling within the range of reasonableness. Van Note Decl. ¶¶ 24, 25-27.

**B. The Proposed Settlement Class Should be Certified**

If, at the preliminary approval stage, "a class has not been certified, the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class." Fed. R. Civ. P. Rule 23(e), 2018 Advisory Committee Note. Here, the Settlement Class meets all requirements of Rule 23(a) and Rule 23(b)(3) and can be certified by the Court.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1. *The Class Meets the Requirements of Rule 23(a)*

**Numerosity.** The Settlement Class consists of approximately 27,367 individuals, making joinder of all members impracticable. Fed. R. Civ. P. Rule 23(a)(1).

**Commonality.** Plaintiff's and Class Members' claims depend upon common contentions of fact and law that could be resolved for all through a single proceeding. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). For example, Plaintiff's negligence claim turns on the contention that Defendant implemented substandard security protocols and procedures that allowed unauthorized users to gain access to Class Members' PHI and PII. Additionally, Plaintiff's breach of implied contract claim turns on the common contentions that Defendant failed to use adequate security measures. CMP, ¶ 56. Each of these contentions depend only on the nature of Defendant's security protocols, which will be proven using generalized evidence applicable to the entire Class. *See In re Yahoo!*, 2020 WL 4212811 at *3 (certifying data breach settlement class where common issues existed as to whether Yahoo! employed sufficient security measures to protect class members' personal information).

**Typicality.** The typicality requirement is also satisfied, as "the unnamed class members have injuries similar to those of the named Plaintiff and the injuries result from the same, injurious course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Here, Plaintiff's claims are typical of the Settlement Class as they are patients who experienced incidents of unauthorized access to their PII and PHI. While it is likely that Plaintiff and the Class may allege varying degrees of injuries, each harm will be based on the same data breach and underlying conduct. The claims arise from the same nucleus of facts relating to Defendant's security protocols, pertain to a common defendant and are based on the same legal theories. Thus, Rule 23(a)(3) is satisfied.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

1    **Adequacy.** Plaintiff is an adequate representative of the Settlement Class, as

2   he actively participated in the litigation and continues to do so. Van Note Decl. ¶¶

3   16-17. He does not have conflicts with other Class Members as his claims are co-

4   extensive with those of the Class, *Kent v. Hewlett-Packard Co.*, 2011 WL 4403717,

5   *1 (N.D. Cal. Sept. 20, 2011), and he has retained experienced counsel to represent

6   the Class's interests. *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003). Class

7   Counsel have decades of experience representing plaintiffs in complex class actions,

8   including other cases involving data privacy and cybersecurity. Van Note Decl. ¶¶

9   19, 29. They also vigorously pursued Plaintiff's claims, preparing an opposition to

10   a motion to substitute the Defendant and engaging in extensive Settlement

11   negotiations.

12       2.    *The Class Meets the Requirements of Rule 23(b)(3)*

13             *Predominance.*

14   The predominance requirement is satisfied when class members' claims can

15   be proven using common, class-wide evidence rather than evidence that varies from

16   class member to class member. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036,

17   1045 (2016).

18   Because Plaintiff's claims are focused on the nature of Defendant's security

19   policies and protocols, they are well-suited for class treatment. Defendant's liability

20   can be established largely, if not entirely, through class-wide evidence. There would

21   be little need for Class Members to present individualized evidence until the

22   damages phase, and it is well established that the need for individualized findings as

23   to the amount of damages is not enough to defeat class certification. *Vaquero v.*

24   *Ashley Furniture Indus., Inc.,* 824 F.3d 1150, 1155 (9th Cir. 2016); *In re Yahoo!,*

25   supra, 2020 WL 4212811 at *7 (court found common questions regarding the nature

26   of Yahoo's security measures predominated).

27

28

**Superiority.** Rule 23(b)(3) requires a class action be "superior to other available methods for the fair and efficient adjudication of the controversy," and sets forth the following factors:

> "The matters pertinent to the findings include: (a) the class members' interest in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action."

Fed. R. Civ. P. 23(b)(3).

In the context of these factors, the instant matter is superior as a class action as there is low interest in prosecuting a multitude of claims in a variety of forums and otherwise doing so would be overly laborious to the individual Class Members and the Courts. However, given that this case is in settlement context, the Court need not consider manageability issues because "the proposal is that there be no trial;" as such, manageability considerations are no obstacle to certification for purposes of Settlement. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Here, a class action is the only reasonable method to fairly and efficiently adjudicate Class Members' claims against Defendant. See, e.g., *Phillips Co. v. Shutts*, 472 U.S. 797, 809 (1985) ("Class actions…permit the Plaintiff to pool claims which would be uneconomical to litigate individually… [In such a case,] most of the Plaintiff would have no realistic day in court if a class action were not available."). Resolution of the predominant issues of fact and law via individual actions is

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  impracticable because the amount in dispute for individual Class Members is too

2  small, the technical issues involved are too complex, and the required expert

3  testimony and document review is too costly. *See Just Film, Inc. v. Buono*, 847 F.3d

4  1108, 1123 (9th Cir. 2017).

5      The class device is the superior method of adjudicating consumer claims

6  against Defendant arising from unauthorized access to patients PII and PHI because

7  it promotes greater efficiency, and no realistic alternative exists. Courts have

8  routinely recognized this in other data breach cases where class-wide Settlements

9  have been approved. *See, e.g.*, *In re Yahoo!*, *supra*, 2020 WL 4212811 at *8; *In re*

10  *Equifax*, 2020 WL 256132 at *45.

11          *3. The Settlement Class Definition Comports with the Class Definition*

12          *in the Complaint*

13      The Settlement Class definition is substantially the same as the class definition

14  in the Complaint and is now defined as "All individuals whose Personal Information

15  was actually or potentially accessed during the Security Incident." S.A. § II (B).

16  "Security Incident" is defined as "the access by unauthorized actors to SDAIHC's

17  computer network in or around May 2022." S.A. § II (EE).

18  **C.  The Proposed Notice and Notice Program Meet All Applicable**

19  **Requirements**

20          *1. The Notice Plan Uses the Best Practicable Means to Reach Class*

21          *Members*

22      The federal rules require that, before final approval of a Settlement, "[t]he

23  court must direct notice in a reasonable manner to all class members who would be

24  bound by the proposal." Fed. R. Civ. P. Rule 23(e)(1)(B). Where certified under

25  Rule 23(b)(3), the notice must also be "best notice practicable under the

26  circumstances, including individual notice to all members who can be identified

27  through reasonable effort." Fed. R. Civ. P. Rule 23(c)(2)(B).

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    The notice plan meets these requirements. It provides for direct mailed notice
2  to the 27,367 Class Members. This Notice is reasonably calculated to reach all Class
3  Members and apprise them of the Settlement.

4        2.    *The Proposed Notice Adequately Informs Class Members of Their*
5              *Rights and Options*

6    In accordance with Rule 23(c)(2)(B) and this District's procedural guidelines,
7  the Notice sets forth in clear, concise and easily understood language all requisite
8  information, including, *inter alia*, the nature of the action, the class definition,
9  claims, issues, or defenses, the binding effect of a class judgment and all available
10  rights under the Settlement.

## D.    Settlement Class Counsel Should be Appointed

12    Under Rule 23, "a court that certifies a class must appoint class counsel [who
13  must] fairly and adequately represent the interests of the class." Fed. R. Civ. P. Rule
14  23(g)(1)(B). In making this determination, courts consider the following attributes:
15  the proposed class counsel's (1) work in identifying or investigating potential claims,
16  (2) experience in handling class actions or other complex litigation, and the types of
17  claims asserted in the case, (3) knowledge of the applicable law, and (4) resources
18  committed to representing the class. Fed. R. Civ. P. Rule 23(g)(1)(A)(i-iv).

19    Here, Class Counsel have extensive experience prosecuting complex
20  consumer class action cases, and specifically data privacy cases. Van Note Decl. ¶¶
21  19, 29. Class Counsel meet all Rule 23(g)(1)(A) factors. Accordingly, the Court
22  should appoint Cole & Van Note as Class Counsel.

### E. Schedule

| Event | Date |
|-------|------|
| Settlement Administrator sends Notice to the Settlement Class (the "Notice Date") | Within 35 after Entry of Preliminary Approval Order |
| Last day for Settlement Class Members to opt out or object to the proposed Settlement | Within 45 after from the "Notice Date" |
| Last day for Settlement Class Members to submit Claim Forms | Within 45 days after the "Notice Date" |
| Final Approval Hearing | TBD |

## V.    CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant preliminary approval.

Dated: February 5, 2024        **COLE & VAN NOTE**

By:  */s/ Laura Grace Van Note*
Laura Grace Van Note, Esq.
Attorney for Representative Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 3:23-cv-00570-MMA-AHG

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF and on counsel in the related cases to their respective emails per the below service list.

*/s/ Laura Van Note*
Laura Van Note, Esq.